# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * *
| | | |
|---|---|---|
| CHRISTINE HARRISON, | * | |
| | * | No. 15-1064V |
| Petitioner, | * | Special Master Christian J. Moran |
| | * | |
| v. | * | Filed: November 6, 2018 |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' fees and costs |
| | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * *

Mark Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for Petitioner;
Ryan D. Pyles, United States Dep't of Justice, Washington, DC, for Respondent.

**UNPUBLISHED DECISION AWARDING
ATTORNEYS' FEES AND COSTS**[1]

Christine Harrison prevailed in her claim brought in the National Childhood Vaccine Compensation Program. She is now seeking an award for attorneys' fees and costs. She is awarded the amount requested, $40,839.53.

\* \* \*

Represented by attorney Mark Sadaka, Ms. Harrison filed her petition on September 22, 2015, alleging that the influenza vaccine caused her to suffer various problems, including a demyelinating event. After discussions, the parties

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

resolved this case. The parties submitted a stipulation that a decision incorporated. Decision, 2017 WL 6945685 (Dec. 10, 2017).

On July 2, 2018, Ms. Harrison filed a motion for an award of attorneys' fees and costs. The motion seeks a total of $40,839.53, comprised of $26,093.22 in attorneys' fees and $14,746.31 in attorneys' costs. Ms. Harrison did not incur any costs personally. Gen. Order No. 9 Stat.

The Secretary filed a response to Ms. Harrison's motion. The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Resp't's Resp., filed July 13, 2018, at 2. With respect to amount, the Secretary recommended that "the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs. Id. at 3. Ms. Harrision filed a reply reiterating her request for attorneys' fees and costs. Pet'r's Reply, filed July 20, 2018.

This matter is now ripe for adjudication.

\*   \*   \*

Because Ms. Harrison received compensation, she is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa–15(e). Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

**I.    Attorneys' Fees**

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs. 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348. Here, because the lodestar process yields a reasonable result, no additional adjustments are required. Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.     Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. Avera, 515 F.3d at 1349. There is, however, an exception (the so-called Davis County exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. Id. 1349 (citing Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

Ms. Harrison requests compensation for Attorney Sadaka, as well as paralegals who assisted him. The proposed rates are reasonable. Rolshoven v. Sec'y of Health & Human Servs., No. 14-439V, 2018 WL 3986831, at *2 (Fed. Cl. Spec. Mstr. June 26, 2018).[2]

B.     Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

Nearly all of the activities are reasonable. Although some entries relating to the filing of documents might be questionable, these potentially excessive items

---

[2] Although Ms. Harrison's motion references an inflation rate of 3.7 percent, that figure was for a different time and based upon a different index. Special masters have not increased hourly rates at that rate. See Keenan v. Sec'y of Health & Human Servs., No. 17-189V, 2018 WL 2772307, at *2 n.4 (Fed. Cl. Spec. Mstr. May 2, 2018), judgment modified on non-relevant grounds, 2018 WL 5573432 (Fed. Cl. Spec. Mstr. Sept. 12, 2018).

are relatively trivial. Thus, in light of the Secretary's failure to object, the undersigned finds all of the time billed reasonable.

## II. Costs

In addition to seeking an award for attorneys' fees, Ms. Harrison seeks compensation for costs expended, totaling $14,746.31. The costs for routine items, such as medical records and the filing fee, are reasonable and adequately documented. Ms. Harrison is awarded them ($1,621.31) in full. The bulk of the costs ($13,125.00) derive from Dr. Steinman's work. This cost is reasonable as well.

\* \* \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e). The undersigned finds $40,839.53 ($26,093.22 in attorneys' fees and $14,746.31 in attorneys' costs) to be a reasonable amount for all attorneys' fees and costs incurred. The undersigned GRANTS the petitioner's motion and awards $40,839.53 in attorneys' fees and costs. This shall be paid as follows:

**A lump sum of $40,839.53 in the form of a check made payable to petitioner and petitioner's attorney, Mark Sadaka, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.